EICHBERG et al. v. WICKHAM et al.

(Supreme Court, Special Term, New York County. November 30, 1892.)

1. RECEIVERS—REMOVAL—INCONSISTENT DUTIES.
    A new receiver will be substituted in place of one appointed by consent of the parties where it appears that he was originally selected as assignee of the same property under a general assignment which has been set aside as fraudulent, and therefore, in the course of the proceedings, he, as assignee, would be accounting to himself as receiver, and where it further appears that, as

the assets are insufficient to pay the claims, there will be a contest over the assignee's accounts, which may necessitate further and more complicated dealings of the receiver with himself in his other capacity as assignee.

2. REFERENCE—REMOVAL OF REFEREE.

A new referee will not be substituted in place of the one appointed by consent of the parties on the sole ground that he is on very friendly terms with the assignee on whose accounts he is to pass, where it appears that the parties, at the time they consented to his appointment, had full knowledge of his relationship with the assignee.

Action by Caroline Eichberg and others against Daniel H. Wickham and others to set aside a general assignment. Plaintiffs move to substitute a new receiver and referee in place of those appointed by the decree in the action. Motion granted as to the receiver and denied as to the referee.

Blumenstiel & Hirsch, for plaintiffs.

Hess, Townsend & McCelland, for defendants.

O'BRIEN, J. By this motion it is sought to substitute a new receiver and referee in place of those appointed by the consent of the parties by the decree in the action. The insistence is that, by reason of the changed conditions, it would be improper to have the persons named continue to act; and, though no reflection is made upon the character of either of the present appointees, it remains to be considered whether the motion, in whole or in part, should be granted.

First, with respect to the receiver. The receiver was originally selected as assignee under a general assignment for the benefit of creditors, which assignment has been successfully assailed upon the ground of fraud, in actions brought by various creditors, including these plaintiffs. If objection had been made to the appointment of the assignee as the receiver pursuant to the decree in the creditors' action setting aside the assignment, there can be no doubt that such objection would have been a valid one, because it always leads to confusion, and, in the course of the proceedings, presents an anomaly of the same man accounting as assignee to himself as receiver, which peculiar position is accentuated in cases where a real contest over the accounting is had, and where it may result in an appeal by either party. In the latter event, a situation would be presented, assuming the assignee to be the appellant, of the same person as assignee appealing against a judgment obtained by him as receiver. The question here, however, is whether the court should relieve the plaintiffs from the situation in which they have placed themselves by consenting, with knowledge of all the facts, to the assignee being made the receiver. Ordinarily the court will not allow parties to proceed in one direction where it is to their interest, and then, when it no longer suits them, to turn and proceed in a directly opposite way. I think that the inconsistency is to some extent explained by the circumstance that the plaintiffs were under the impression that the assets in the hands of the assignee, apart from any accounting, were sufficient to pay their claim in full. I am not convinced, however, that this impression was in any way the result of information derived either from the assignee or the assignee's attorneys;

but that it existed in the minds of the plaintiffs' attorneys, I think, is fairly evident. It is also clear that the want of assets sufficient to pay the plaintiffs' claim will now result in a contest over the assignee's accounts, and whatever amount is found by the referee to be chargeable against the assignee must be paid over to the receiver, and will thus form the basis of final judgment which would be rendered in favor of the receiver against the assignee, and for which an execution would be awarded against the assignee in the event of such amount not being paid over. Thus the anomaly and inconsistency already adverted to will be presented, of the same man, in his capacity as receiver, entering a judgment against himself in his capacity as assignee, and, upon failure to satisfy the final judgment, an application by such receiver to issue execution against himself as assignee; and in the event of an appeal from such judgment it would be the assignee or the receiver appealing to the general term in either of those capacities against himself in the other of such capacities. I think, therefore, in view of the different attitude which will be assumed towards him by the plaintiffs, that the assignee himself would be embarrassed by being permitted to continue as receiver. His wish to have the sureties upon his bond as assignee discharged, and to be entirely relieved from the responsibility assumed in taking possession of and ministering upon the assets of the insolvent firm, can be more promptly and effectively obtained by allowing him to account as assignee to another and different person to be appointed receiver.

With respect to the second part of the motion, relating to the referee, this, I think, should be denied. Although admittedly on friendly terms with the assignee whose accounts are to be passed, this circumstance would not justify the substitution of another referee, in favor of parties who, with knowledge of all the facts concerning his relationship with the assignee, consented to his appointment. The referee states (what, from his standing and character, would be inferred) that this circumstance in no way will embarrass him, or affect the discharge of his duties as referee. It would, indeed, be a reflection upon him to have the court avail itself of this circumstance, which the parties themselves had expressly waived, and which they regarded as of no force and effect at the time they consented to his appointment as referee. The plaintiffs expressly disclaim any want of confidence in the competency or character of the referee, and, in view of their consent with knowledge of his relationship to the assignee, I do not think that he should be removed, and another referee appointed in his place, in the absence of any charge made against him of improper conduct or unjust bias upon the reference. My conclusion, therefore, is that so much of the motion as asks for the appointment of another receiver should be granted, and that portion of the motion with regard to the selection of another referee should be denied, without costs.